UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
HONERO FUND I, LLC,                          :
                                             :
                          Plaintiff,         :
                                             :
            - against -                      :   15 Civ. 1553 (TPG)
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                          Defendant.         :
-------------------------------------------------------------------X

**RESPONSE OF THE REPUBLIC OF ARGENTINA TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

### I.    GENERAL RESPONSES AND OBJECTIONS

Defendant the Republic of Argentina (the "Republic") objects to plaintiff Honero Fund I, LCC's Statement of Material Facts, which, in violation of Local Civil Rule 56.1, by and large does not set forth statements of "material facts as to which . . . there is no genuine issue to be tried." Local Civil Rule 56.1(a). Instead, plaintiff's Statement of Material Facts primarily references as "facts" various contractual provisions, Argentine laws and U.S. court decisions and orders and then makes legal arguments based on the referenced language. The purpose of a Rule 56.1 statement is not to inundate the Court with further legal argument but rather to assist the Court in identifying relevant material facts. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties.").

## II.  SPECIFIC RESPONSES AND OBJECTIONS TO PARAGRAPHS 1-58

The Republic responds to plaintiff's 56.1 Statements as follows:

1.  As set forth in Paragraphs 8-12 of the Complaint dated March 2, 2015, Plaintiff owns bonds issued by Argentina pursuant to the 1994 Fiscal Agency Agreement ("1994 FAA"). Costantini Decl. ¶ 4.

**RESPONSE:**  The Republic admits that plaintiff has submitted documentation which purports to show that plaintiff owns bonds issued pursuant to the 1994 FAA.

2.  The 1994 FAA provides that Argentina consents to the personal jurisdiction of this Court. Cohen Decl. Ex. 1 ¶ 22 (FAA).

**RESPONSE:**  Paragraph 2 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the 1994 FAA for its true and correct contents.

3.  The 1994 FAA provides that Argentina consents to service of process by service on its agent, Banco de la Nación Argentina, in New York City. Cohen Decl. Ex. 1 ¶ 22.

**RESPONSE:**  Paragraph 3 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the 1994 FAA for its true and correct contents.

4.  The 1994 FAA provides that Argentina waives sovereign immunity to the fullest extent permitted by law. Cohen Decl. Ex. 1 ¶ 23.

**RESPONSE:**  Paragraph 4 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the 1994 FAA for its true and correct contents.

> 5. The 1994 FAA provides that Argentina agrees that the 1994 FAA would be governed by and construed in accordance with the laws of the State of New York. Cohen Decl. Ex. 1 ¶ 23.

**RESPONSE:** Paragraph 5 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the 1994 FAA for its true and correct contents.

> 6. Paragraph 1(c) of the 1994 FAA provides:
>
>> The Securities will constitute (except as provided in Section 11 below) direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without any preference among themselves. The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness (as defined in this Agreement).
>
> Cohen Decl. Ex. 1 ¶ 1(c).

**RESPONSE:** Paragraph 6 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the 1994 FAA for its true and correct contents.

> 7. As of December 2001, Argentina defaulted on the bonds issued pursuant to the 1994 FAA. Cohen Decl. Ex. 3 (Law 25,561); Answer ¶ 55, 58.

**RESPONSE:** The Republic admits that since December 2001 it has not paid principal or interest on nonperforming debt. The Republic otherwise notes that it has not yet answered plaintiff's Complaint, and so the citation to "Answer ¶ 55, 58" does not support the statement in Paragraph 7.

> 8. Each year since Argentina's default, Argentina has included in its annual budget a moratorium on payments to holders of unrestructured debt that was issued prior to December 11, 2001. Cohen Decl. Ex. 4 (Claren Corp. c/ E.N., C. 462, XLVII (Mar. 6, 2014); Law 25,565; Law 25,725; Law 26,728; Law 26,784, Law 26,895; Law 27,008; Decree No. 2053/2010; Decree No. 2054/2010.

**RESPONSE:** Paragraph 8 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the cited laws for their true and correct contents.

> 9. In 2005, Argentina offered bondholders who owned bonds issued under the 1994 FAA an "exchange offer" in which they were given the option to exchange their defaulted bonds for a new debt issue (the "2005 Exchange Bonds") worth approximately 25–29% of the defaulted bonds. Cohen Decl. Ex. 5 (2010 exchange prospectus); Ex. 32 (8/26/2014 Bloomberg).

**RESPONSE:** Certain of the "evidence" cited to support the statement in Paragraph 9, *i.e.* Cohen Decl. Ex. 32, is not admissible, in violation of Federal Rule of Civil Procedure 56(e) and Local Civil Rule 56.1(d), and thus should not be considered. The Republic admits that it carried out an Exchange Offer in 2005, and respectfully refers to the cited Prospectus, Cohen Decl. Ex. 5, for its true and correct contents.

> 10. The terms of the 2005 Exchange Bonds included a "RUFO clause," which purports to give participants in the 2005 exchange special rights in the event that Argentina offers another exchange at a later date. Cohen Decl. Ex. 7 (2005 exchange prospectus supplement).

**RESPONSE:** Paragraph 10 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the cited document for its true and correct contents. To the extent Paragraph 10 states conclusions of law, and not statements of fact as required by Local Civil Rule 56.1, it should not be considered.

> 11. In 2005, Argentina enacted Law 26,017 (the "Lock Law"). Cohen Decl. Ex. 6 (Lock Law).

**RESPONSE:** The Republic admits that it enacted Law 26,017 (the "Lock Law") and respectfully refers to the cited law for its true and correct contents.

    12. The Lock Law prohibited Argentina's Executive Branch from reopening the debt exchange after it closed and from reaching any settlement involving untendered securities that had been eligible for the exchange. Cohen Decl. Ex. 6.

**RESPONSE:** Paragraph 12 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the cited law for its true and correct contents and to Law 26,886, which suspended several articles of the Lock Law. *See* Law 26,886, Cohen Decl. Ex. 18, at Art. 7.

    13. Article 2 of the Lock Law provides that Argentina may not reopen the debt exchange. *Id.*

**RESPONSE:** Paragraph 13 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the cited law for its true and correct contents and to Law 26,886, which suspended Article 2 of the Lock Law "until the Federal Congress declares the termination of the restructuring process for the government-issued debt under the referenced law." Law 26,886, Cohen Decl. Ex. 18, at Art. 7.

    14. Article 3 of the Lock Law provides that bonds eligible for the 2005 exchange, but not tendered, would be subject to the following provision: "The national State shall be prohibited from conducting any type of in-court, out-of-court or private settlement with respect to the bonds referred to in Article 1 of this law." *Id.*

**RESPONSE:** Paragraph 14 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the cited law for its true and correct contents and to Law 26,886, which suspended Article 3 of the Lock Law "until the Federal Congress declares the termination of the restructuring process for the government-issued debt under the referenced law." Law 26,886, Cohen Decl. Ex. 18, at Art. 7.

    15. Article 4 of the Lock Law provides that "The national Executive Power must—within the framework of the terms of issuance of the respective bonds, and the applicable laws and regulations in the corresponding jurisdictions—order the pertinent administrative acts and fulfill the necessary procedures to remove the bonds referred to in the preceding article from listing on all domestic and foreign securities markets and exchanges." *Id.*

**RESPONSE:** Paragraph 15 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the cited law for its true and correct contents and to Law 26,886, which suspended Article 4 of the Lock Law "until the Federal Congress declares the termination of the restructuring process for the government-issued debt under the referenced law." Law 26,886, Cohen Decl. Ex. 18, at Art. 7.

16.     *Bonds representing approximately 76% of Argentina's external debt under the 1994 FAA were tendered in the 2005 exchange. Cohen Decl. Ex. 5, at xiv.*

**RESPONSE:** The Republic admits that approximately 76% of the aggregate eligible amount of the Eligible Securities were tendered into the 2005 Exchange Offer, and respectfully refers to the cited document for its true and correct contents.

17.     *Argentina made all payments due under the 2005 Exchange Bonds until June 30, 2014, and has purported to make payments since then. Cohen Decl. Ex. 26 (8/6/2014 Order).*

**RESPONSE:** The Republic admits that it has made all payments due under the 2005 Exchange Bonds, and that the Court's injunction has prevented holders of Exchange Bonds from receiving interest payments scheduled to be received after June 16, 2014. The cited exhibit – an administrative order of the Second Circuit indicating the parties' decision to withdraw certain appeals – does not otherwise support the statement in Paragraph 17.

18.     *In 2009, Argentina enacted Law 26,547, which temporarily suspended the Lock Law to permit Argentina to conduct another exchange in 2010. Cohen Decl. Ex. 10 (Law 26,547).*

**RESPONSE:** The Republic admits that Law 26,547 was enacted into law and respectfully refers to the cited law for its true and correct contents. To the extent Paragraph 18 states conclusions of law, and not statements of fact as required by Local Civil Rule 56.1, it should not be considered.

19. *Law 26,547 prohibited Argentina from offering terms and conditions "equal to or better than those offered" in the 2005 Exchange and prohibited Argentina from offering "holders of public debt that have brought judicial, administrative, or arbitration proceedings or any other type of proceeding treatment more favorable than the treatment afforded to holders who did not bring such proceedings." Id., at arts. 3 & 5.*

**RESPONSE:** Paragraph 19 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the cited law for its true and correct contents. The Republic otherwise objects to plaintiff's reliance on a law requiring that some creditors not be treated more favorably than other creditors for the proposition that the Republic has violated any purported obligations to afford "equal treatment" to plaintiff and similarly-situated plaintiffs.

20. *In 2010, Argentina offered bondholders who owned bonds issued under the 1994 FAA an "exchange offer" in which they were given the option to exchange their defaulted bonds for a new debt issue (the "2010 Exchange Bonds"). Cohen Decl. Ex. 5.*

**RESPONSE:** The Republic admits that it carried out an Exchange Offer in 2010, and respectfully refers to the cited document for its true and correct contents.

21. *The 2010 exchange offer was completed on September 27, 2010, and the Lock Law went back into effect. Cohen Decl. Ex. 11 (9/27/2010 Notice).*

**RESPONSE:** The Republic admits that it carried out an Exchange Offer in 2010, and respectfully refers to the cited document for its true and correct contents.

22. *Argentina made all payments due under the 2010 Exchange Bonds until June 30, 2014 and has purported to make payments since then. Cohen Decl. Ex. 26.*

**RESPONSE:** The Republic admits that it has made all payments due under the 2010 Exchange Bonds, and that the Court's injunction has prevented holders of Exchange Bonds from receiving interest payments scheduled to be received after June 16, 2014. The cited exhibit – an administrative order of the Second Circuit indicating the parties' decision to withdraw certain appeals – does not otherwise support the statement in Paragraph 22.

23. Plaintiff did not participate in the exchange offers and continues to own the bonds referenced in the Complaint in this action. Costantini Decl. ¶¶ 4, 8.

**RESPONSE:** The Republic admits that plaintiff has submitted documentation which purports to show that plaintiff owns bonds issued pursuant to the 1994 FAA.

24. Since December 2001 and through the date of this statement under Local Rule 56.1, Argentina has not made any payments of principal or interest due to Plaintiff under the Defaulted Bonds. Costantini Decl. ¶ 5.

**RESPONSE:** The Republic admits that since December 2001 it has not paid principal or interest on nonperforming debt.

25. In October 2010, bondholders similar to Plaintiff sought enforcement of the Pari Passu Clause. NML Capital, Ltd v. The Republic of Argentina, Nos. 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG) (S.D.N.Y.); Aurelius Capital Master, Ltd. and ACP Master, Ltd. v. The Republic of Argentina, Nos. 09 Civ. 8757 (TPG), 09 Civ. 10620 (TPG); Aurelius Opportunities Fund II, LLC and Aurelius Capital Master, Ltd. v. The Republic of Argentina, Nos. 10 Civ. 1602 (TPG), 10 Civ. 3507 (TPG); Aurelius Capital Master, Ltd. and Aurelius Opportunities Fund II, LLC v. The Republic of Argentina, Nos. 10 Civ. 3970 (TPG), 10 Civ. 8339 (TPG); Blue Angel Capital I LLC v. The Republic of Argentina, Nos. 10 Civ. 4101 (TPG), 10 Civ. 4782 (TPG); Olifant Fund, Ltd. v. The Republic of Argentina, No. 10 Civ. 9587 (TPG); Pablo Alberto Varela, et al. v. The Republic of Argentina, No. 10 Civ. 5338 (TPG). (the "Pre-Judgment Cases").

**RESPONSE:** To the extent Paragraph 25 purports to characterize the nature of the above-captioned actions, it is not a statement of fact as required by Local Civil Rule 56.1, and so no response is necessary. The Republic otherwise respectfully refers to the documents and legal proceedings cited in Paragraph 25 for their true and correct contents.

26. On December 7, 2011, the Court held that Argentina violated the Pari Passu Clause when it (i) lowered the rank of bonds issued under the 1994 FAA by enacting the Lock Law and Law 26,547, and (ii) when it made payments due under the 2005 and 2010 Exchange Bonds (the "Exchange Bonds"), while refusing to satisfy its payment obligations bondholders similar to Plaintiff. Cohen Decl. Ex. 2 at 5 ¶ 6, 7 (12/7/2011 Order).

**RESPONSE:** Paragraph 26 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the cited order

8

for its true and correct contents. To the extent Paragraph 26 states conclusions of law, and not statements of fact as required by Local Civil Rule 56.1, it should not be considered.

       27. *The Court held that Argentina's Pari Passu payment obligations on the bonds extend to those with pending actions for recovery on their bonds and to those with judgments:*

> *It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.*

*Id.* at 4 ¶ 3.

**RESPONSE:** Paragraph 27 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the cited order for its true and correct contents. To the extent Paragraph 27 states conclusions of law, and not statements of fact as required by Local Civil Rule 56.1, it should not be considered.

       28. *On February 23, 2012, the Court ruled in favor of granting equitable relief to remedy Argentina's ongoing violations of the Pari Passu Clause, stating that bondholders similar to Plaintiff were "irreparably harmed by and has no adequate remedy at law for the Republic's ongoing violations of [the Pari Passu Clause], and that the equities and public interest strongly support issuance of equitable relief to prevent the Republic from further violating [the Pari Passu Clause]." Cohen Decl. Ex. 12 at 2 ¶ 1 (2/23/2012 Order).*

**RESPONSE:** Paragraph 28 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the cited order for its true and correct contents. To the extent Paragraph 28 states conclusions of law, and not statements of fact as required by Local Civil Rule 56.1, it should not be considered.

       29. *On October 26, 2012, the Second Circuit affirmed the Court's equitable relief order, but remanded for the Court to determine who would be bound by the injunction and how the ratable payment formula would be applied. NML Capital, Ltd. v. Republic of Argentina, 699 F.3d 246, 250–51, cert. denied, 134 S. Ct. 2819 (2014) (2d Cir. 2012) ("NML I").*

**RESPONSE:** Paragraph 29 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the cited

decision for its true and correct contents. To the extent Paragraph 29 states conclusions of law, and not statements of fact as required by Local Civil Rule 56.1, it should not be considered.

30. *Argentina filed a petition for certiorari in the Supreme Court. That petition was denied on October 7, 2013. Cohen Decl. Ex. 13, Republic of Argentina v. NML Capital, Ltd., et al., No. 12-1494 (S. Ct. Oct. 7, 2013).*

**RESPONSE:** The Republic admits that the U.S. Supreme Court denied the Republic's petition for certiorari in the referenced action on October 7, 2013.

31. *On November 21, 2012, the Court issued Amended Orders requiring Argentina to specifically perform its Pari Passu obligations (the "Amended February 23 Orders") and enjoining Argentina from seeking to evade its obligations under the Orders. Cohen Decl. Ex. 14 (Amended February 23 Orders).*

**RESPONSE:** Paragraph 31 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the cited orders for their true and correct contents. To the extent Paragraph 31 states conclusions of law, and not statements of fact as required by Local Civil Rule 56.1, it should not be considered.

32. *The Amended February 23 Orders require Argentina to make a "Ratable Payment" to bondholders similar to Plaintiff in the Pre-Judgment Cases whenever it pays any amount due under the Exchange Bonds and enjoins Argentina from making any payment on the Exchange Bonds without making a Ratable Payment. Id. at 4 ¶ 2 (Amended February 23 Orders).*

**RESPONSE:** Paragraph 32 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the cited orders for their true and correct contents. To the extent Paragraph 32 states conclusions of law, and not statements of fact as required by Local Civil Rule 56.1, it should not be considered.

33. *The Amended February 23 Orders expressly prohibit Argentina from taking steps to evade them. Id. at 7 ¶ 4.*

**RESPONSE:** Paragraph 33 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the cited

orders for their true and correct contents.  To the extent Paragraph 33 states a conclusion of law, and not a statement of fact as required by Local Civil Rule 56.1, it should not be considered.

*34.   On August 23, 2013, the Second Circuit affirmed the Amended February 23 Orders, but stayed enforcement of the injunction pending Argentina's petition for a writ of certiorari to the Supreme Court. NML Capital, Ltd. v. Republic of Argentina, 727 F.3d 230, 248 (2d Cir. 2013) ("NML II").*

**RESPONSE:** Paragraph 34 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary.  The Republic respectfully refers to the cited decision for its true and correct contents.  To the extent Paragraph 34 states conclusions of law, and not statements of fact as required by Local Civil Rule 56.1, it should not be considered.

*35.   On June 16, 2014, the Supreme Court denied Argentina's petition for a writ of certiorari. Cohen Decl. Ex. 15, Republic of Argentina v. NML Capital, Ltd., et al., No. 13-990 (S. Ct. June 16, 2014).*

**RESPONSE:** The Republic admits that the U.S. Supreme Court denied the Republic's petition for certiorari in the referenced action on June 16, 2014.

*36.   The Second Circuit lifted the stay of the Amended February 23 Orders on June 18, 2014. Cohen Decl. Ex. 16 (6/18/2014 Order).*

**RESPONSE:** Paragraph 36 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary.  The Republic respectfully refers to the cited order for its true and correct contents.

*37.   Argentina has consistently defied the Court's Orders requiring it to comply with the Pari Passu Clause. See, e.g., Cohen Decl. Ex. 29 (7/3/14 Ltr. to BNY); Ex. 30 (8/6/14 Ltr. to BNY); Ex. 31 (8/6/14 Ltr. to Citibank).*

**RESPONSE:** Paragraph 37 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary.  The Republic respectfully refers to the cited documents for their true and correct contents.  To the extent Paragraph 37 states a conclusion of law, and not a statement of fact as required by Local Civil Rule 56.1, it should not be considered.

38.    At oral argument before the Second Circuit on July 23, 2012, "counsel for Argentina told the panel that it 'would not voluntarily obey' the district court's injunctions, even if those injunctions were upheld . . . ." *NML II*, 727 F.3d at 238.

**RESPONSE:**  The oral argument to which plaintiff refers occurred on February 27, 2013, and the language quoted in Paragraph 38 appears in the cited decision of the Second Circuit Court of Appeals.  The Republic respectfully refers to the entirety of the oral argument transcript in which counsel explained the Republic's policy of not preferring one group of creditors over another and the aim of the Foreign Sovereign Immunities Act in avoiding a "terrible confrontation" between sovereigns.

39.    On August 26, 2013, Argentine President Cristina Fernández de Kirchner gave a televised address criticizing the rulings of the Court and the Second Circuit, and announcing an evasion plan, pursuant to which Exchange Bondholders would be permitted to exchange their bonds for bonds payable in Argentina, in an attempt to place payments on those bonds outside of the Court's jurisdiction. Cohen Decl. Ex. 17 (Tr. of 8/26/13 Address).

**RESPONSE:**  The Republic respectfully refers to the cited statement for its true and correct contents.  To the extent Paragraph 39 states conclusions of law or plaintiff's legal characterizations, and not statements of fact as required by Local Civil Rule 56.1, it should not be considered.  The Republic has repeatedly expressed its desire to reach a global resolution of its defaulted debt.  *See, e.g.*, Br. of Defendant-Appellant the Republic of Argentina at 23, *Aurelius Capital Master, Ltd. v. Republic of Argentina*, No. 14-2689 (L) (2d Cir. Aug. 15, 2014) ("While the Republic disagrees with the Injunctions, it reaffirms its commitment to resolving all of its outstanding defaulted indebtedness on a fair, equitable, and sustainable basis.").

40.    On October 3, 2013, the Court ordered Argentina not to take any steps to evade the Court's orders and held that the evasion scheme announced by President Kirchner was illegal. Cohen Decl. Ex. 19 (10/3/13 Order).

**RESPONSE:**  Paragraph 40 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary.  The Republic respectfully refers to the cited order

12

for its true and correct contents.  To the extent Paragraph 40 states conclusions of law, and not statements of fact as required by Local Civil Rule 56.1, it should not be considered

41.   *On September 11, 2013, Argentina enacted Law 26,886 purportedly to reopen the bond exchange on the same terms that had been twice rejected by Plaintiff. Cohen Decl. Ex. 18 (Law 26,886).*

**RESPONSE:**  The Republic admits that Law 26,886 was enacted into law and respectfully refers to the cited law for its true and correct contents.  To the extent Paragraph 41 states conclusions of law, and not statements of fact as required by Local Civil Rule 56.1, it should not be considered.

42.   *Law 26,886 prohibits Argentina from offering financial terms and conditions "more favorable" than those in the 2010 Exchange, and prohibits Argentina from "offer[ing] to holders of government-issued debt who have filed court [actions] . . . treatment more favorable than that given to those who have not done so." Id., at arts. 2 & 4 (Law 26,886).*

**RESPONSE:**  Paragraph 42 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary.  The Republic respectfully refers to the cited law for its true and correct contents.  To the extent Paragraph 42 states conclusions of law, and not statements of fact as required by Local Civil Rule 56.1, it should not be considered

43.   *Article 7 of Law 26,886 temporarily suspends Articles 2, 3 and 4 of the Lock Law. Id., at art. 7.*

**RESPONSE:**  Paragraph 43 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary.  The Republic respectfully refers to the cited law for its true and correct contents.

44.   *Argentina made false representations to the Supreme Court and to the Court that it would comply with the Amended February 23 Orders. Cohen Decl. Ex. 20, at 13 (5/27/14 Reply Br.); Ex. 21, at 5:5-10 (5/30/14 Tr.).*

**RESPONSE:**  Paragraph 44 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary.  The Republic respectfully refers to the cited

13

documents for their true and correct contents.  To the extent Paragraph 44 states conclusions of law, and not statements of fact as required by Local Civil Rule 56.1, it should not be considered.

    45. *On June 16, 2014, President Kirchner declared in a televised address that the Republic would not "be subjected to such extortion," referring to the actions of Plaintiff and others, and the Court's Orders. Cohen Decl. Ex. 22 (6/16/14 Statement).*

**RESPONSE:**  The Republic respectfully refers to the cited statement for its true and correct contents. The Republic has repeatedly expressed its desire to reach a global resolution of its defaulted debt.  *See, e.g.*, Br. of Defendant-Appellant the Republic of Argentina at 23, *Aurelius Capital Master, Ltd. v. Republic of Argentina*, No. 14-2689 (L) (2d Cir. Aug. 15, 2014) ("While the Republic disagrees with the Injunctions, it reaffirms its commitment to resolving all of its outstanding defaulted indebtedness on a fair, equitable, and sustainable basis.").

    46. *On June 17, 2014, Argentine Economy Minister Axel Kicillof announced a plan to evade the Amended February 23 Orders by swapping the Exchange Bonds for new bonds payable in Argentina under Argentine law. Cohen Decl. Ex. 23 (6/17/14 Statement).*

**RESPONSE:**  The Republic respectfully refers to the cited statement for its true and correct contents.  To the extent Paragraph 46 states conclusions of law or plaintiff's legal characterizations, and not statements of fact as required by Local Civil Rule 56.1, it should not be considered.  The Republic has repeatedly expressed its desire to reach a global resolution of its defaulted debt.  *See, e.g.*, Br. of Defendant-Appellant the Republic of Argentina at 23, *Aurelius Capital Master, Ltd. v. Republic of Argentina*, No. 14-2689 (L) (2d Cir. Aug. 15, 2014) ("While the Republic disagrees with the Injunctions, it reaffirms its commitment to resolving all of its outstanding defaulted indebtedness on a fair, equitable, and sustainable basis.").

    47. *On June 18, 2014, the Court stated that a "mechanism of the kind proposed by the finance minister would be a violation of the existing procedures and orders established by the Court." Cohen Decl. Ex. 24, at 29:17-20 (6/18/14 Tr.).*

**RESPONSE:**  Paragraph 47 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary.  The Republic respectfully refers to the cited document for its true and correct contents.

> 48.   *On June 20, 2014, the Court issued an Order ruling that Minister Kicillof's proposed bond swap was in violation of the Court's Orders. Decl. Ex. 25 (6/20/14 Order).*

**RESPONSE:**  Paragraph 48 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary.  The Republic respectfully refers to the cited order for its true and correct contents.  To the extent Paragraph 48 states a conclusion of law, and not a statement of fact as required by Local Civil Rule 56.1, it should not be considered

> 49.   *On June 26, 2014, the Republic transferred $832 million to banks that process Exchange Bond payments (including $539 million to BNY, the trustee for some of the Exchange Bonds) in an attempt to pay the Exchange Bondholders. Cohen Decl. Ex. 27 (6/26/14 Bloomberg Article).*

**RESPONSE:**  The "evidence" cited to support the statement in Paragraph 49, *i.e.* Cohen Decl. Ex. 27, is not admissible, in violation of Federal Rule of Civil Procedure 56(e) and Local Civil Rule 56.1(d), and thus should not be considered.  The Republic otherwise admits that it transferred funds in June 2014 in furtherance of its legal obligation to the Exchange Bondholders.

> 50.   *When Argentina transferred the funds to BNY on June 26, 2014, it did not make a Ratable Payment as required by the Amended February 23 Orders. Costantini Decl. ¶ 5.*

**RESPONSE:**  Paragraph 50 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary.  To the extent Paragraph 50 states conclusions of law, and not statements of fact as required by Local Civil Rule 56.1, it should not be considered.  The Republic otherwise admits that since December 2001 it has not paid principal or interest on nonperforming debt.

> 51. On August 6, 2014 the Court held that "the payment by Argentina to BNY . . . was illegal and a violation of the Amended February 23 Orders." Cohen Decl. Ex. 28, at ¶ 1 (8/6/2014 Order).

**RESPONSE:** Paragraph 51 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the cited order for its true and correct contents. To the extent Paragraph 51 states a conclusion of law, and not a statement of fact as required by Local Civil Rule 56.1, it should not be considered

> 52. The Court also ordered BNY to hold the funds, and expressly prohibited Argentina from taking any "steps to interfere with BNY's retention" of the funds. Id., at ¶¶ 2-3.

**RESPONSE:** Paragraph 52 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the cited order for its true and correct contents. To the extent Paragraph 52 states a conclusion of law, and not a statement of fact as required by Local Civil Rule 56.1, it should not be considered

> 53. BNY has complied with the Court's Orders. Cohen Decl. Ex. 32.

**RESPONSE:** The "evidence" cited to support the statement in Paragraph 53, *i.e.* Cohen Decl. Ex. 32, is not admissible, in violation of Federal Rule of Civil Procedure 56(e) and Local Civil Rule 56.1(d), and thus should not be considered. The Republic otherwise admits that Bank of New York Mellon has complied with the Court's injunctions.

> 54. Argentina has purported to take away BNY's authorization to operate in Argentina, and taken steps to replace BNY with Buenos Aires-based Nación Fideicomisos, SA, a unit of Argentina's wholly owned bank, Banco de la Nación Argentina. See Cohen Decl. Ex. 33 (8/20/14 WSJ); Ex. 34 (8/20/14 Bloomberg); Ex. 35 (Law 26,984); Ex. 36 (9/11/14 Bloomberg); Ex 37 (9/4/14 Bloomberg); Ex. 38 (9/5/14 Ámbito Financiero); Ex. 39 (9/5/14 Clarín).

**RESPONSE:** Certain of the "evidence" cited to support the statement in Paragraph 54, *i.e.* Cohen Decl. Exs. 33, 34, 36, 37, 38 and 39 is not admissible, in violation of Federal Rule of Civil Procedure 56(e) and Local Civil Rule 56.1(d), and thus should not be considered. To the extent Paragraph 54 states conclusions of law, and not statements of fact as required by Local

Civil Rule 56.1, it should not be considered. The Republic otherwise respectfully refers to the cited law, *i.e.* Cohen Decl. Ex. 35, for its true and correct contents.

   55. *On September 11, 2014, Argentina enacted Law 26,984, which purports to appoint Nación Fideicomisos in place of BNY and to change the payment location of the Exchange Bonds explicitly to evade the "illegitimate and illegal obstruction" created by "judicial orders issued by the Southern District Court of the City of New York." Cohen Decl. Ex. 35.*

**RESPONSE:** The Republic admits that Law 26,984 was enacted into law and respectfully refers to the cited law for its true and correct contents. To the extent Paragraph 55 states conclusions of law, and not statements of fact as required by Local Civil Rule 56.1, it should not be considered.

   56. *On September 29, 2014, the Court held Argentina in contempt of court. Cohen Decl. Ex. 40 (9/29/2014 Order (Amended 10/3/2014)).*

**RESPONSE:** Paragraph 56 does not set forth a statement of fact, as required by Local Civil Rule 56.1(a), and so no response is necessary. The Republic respectfully refers to the cited order for its true and correct contents. To the extent Paragraph 56 states a conclusion of law, and not a statement of fact as required by Local Civil Rule 56.1, it should not be considered

   57. *On September 30, 2014, Argentina purported to make an interest payment on Exchange Bonds. Cohen Decl. Ex. 41 (10/2/2014 Bloomberg).*

**RESPONSE:** The "evidence" cited to support the statement in Paragraph 57, *i.e.* Cohen Decl. Ex. 41, is not admissible, in violation of Federal Rule of Civil Procedure 56(e) and Local Civil Rule 56.1(d), and thus should not be considered. The Republic otherwise admits that it transferred funds in September 2014 in furtherance of its legal obligation to the Exchange Bondholders.

      58.    *On January 2, 2015, Argentina purported to make an interest payment on Exchange Bonds. Cohen Decl. Ex. 42 (12/31/2014 El Cronista).*

**RESPONSE:**  The "evidence" cited to support the statement in Paragraph 58, *i.e.* Cohen Decl. Ex. 42, is not admissible, in violation of Federal Rule of Civil Procedure 56(e) and Local Civil Rule 56.1(d), and thus should not be considered. The Republic otherwise admits that it transferred funds in January 2015 in furtherance of its legal obligation to the Exchange Bondholders.

Dated: New York, New York
March 27, 2015

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: __/s/ Carmine Boccuzzi_____
Jonathan I. Blackman (jblackman@cgsh.com)
Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina