**DUANE MORRIS** LLP
By:  Anthony J. Costantini
     Suzan Jo
     Kevin P. Potere
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Fax: +1 212 692 1020
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HONERO FUND I, LLC,

        Plaintiff,

        v.

THE REPUBLIC OF ARGENTINA,

        Defendant.

15 Civ. 01553 (TPG)

---

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Honero Fund I, LLC ("Honero" or "Plaintiff") respectfully submits this Reply Memorandum of Law in further support of its motion for partial summary judgment.

### ARGUMENT

**I.  HONERO'S MOTION FOR PARTIAL SUMMARY JUDGMENT IS NOT PREMATURE**

In its memorandum of law in opposition to Plaintiff's motion for partial summary judgment dated March 27, 2015 ("Opp. Br."), Defendant Republic of Argentina (the "Republic" or "Defendant") argues that Plaintiff's motion must be denied because the Republic has yet to file an answer in this action. (Opp. Br. at 14). The Republic's argument is based on a faulty

analysis of Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and Section 1608 of the Foreign Sovereign Immunities Act ("FSIA"), neither one of which contain temporal restrictions on the filing a motion for summary judgment.

Federal Rule 56(b) unequivocally states that "a party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added). The Advisory Committee's Notes for Fed. R. Civ. P. 56 confirm that while motions for summary judgment were originally barred prior to the filing of an answer, the 1946 amendment to Fed. R. Civ. P. 56 was meant to change this rule, permitting a claimant to bring a motion for summary judgment 20 days after commencement of an action regardless of whether an answer had been filed. *See* Fed. R. Civ. P. 56 advisory committee's note; *see also Stein v. Oshinsky*, 348 F.2d 999, 1000-001 (2d Cir. 1965), *cert. denied*, 382 U.S. 957 (1965) (rejecting argument by defendant that plaintiff's motion for summary judgment should be denied as premature because it was filed before an answer); *Portside Growth and Opportunity Fund v. Gigabeam Corp.*, 557 F. Supp. 2d 427, 428 n.1 (S.D.N.Y. 2008) (noting that a pre-answer motion for summary judgment was properly before the court); *Electro-Catheter Corp. v. Surgical Specialties Instrument Co.*, 587 F. Supp. 1446, 1456 (D.N.J. 1984) (finding that plaintiff's motion was timely *despite* defendant's contention "that plaintiff's summary judgment motion is premature since defendant has not yet filed an answer to the Amended Complaint").

In 2010, Fed. R. Civ. P. 56 was amended once again to remove even the more narrow 20-day requirement, making it clear that either party could move for summary judgment *at any time*. *See Janvey v. Alguire*, 3:09–CV–0724–N, 2013 WL 2451738, at *11-12 (N.D. Tex. Jan. 22, 2013) (rejecting argument that pre-answer motion for summary judgment was premature based on revised language of Fed. R. Civ. P. 56 permitting any party to file such a motion at any time);

2

*Greene v. CCDN, LLC*, 853 F. Supp. 2d 739, 744 (N.D. Ill. 2011) ("[T]he fact that Defendants have not filed their answer to the operative complaint does not preclude the Court from considering the instant summary judgment motion"); *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1120 (10th Cir. 2006) (rejecting claim that pre-answer motion for summary judgment was premature based on the fact that "Rule 56 expressly states that a motion for summary judgment can be filed by a defending party 'at any time'"). Therefore, these is nothing in the language of Fed. R. Civ. P. 56 to support the Republic's claim that Honero's motion is premature.

The cases the Republic relies upon are readily distinguishable from the instant matter. For instance, in *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp. 3d 173, 189 (S.D.N.Y. 2014) the court denied a motion for summary judgment where the record was not fully developed and significant issues of fact remained as to the existence of an alleged oral contract between the parties. Similarly, in *Cole v. Fischer*, No. 08 Civ. 699, 2009 WL 2258341, at *2 (W.D.N.Y. July 29, 2009), the court denied a prisoner's motion for summary judgment where the defendant corrections officer had not been allotted sufficient time to conduct discovery.[1] Here, the Republic has not alleged any need for further development of the record and this Court's ultimate determination will be based upon legal, not factual, issues. Therefore, the cases the Republic cites have no bearing on Honero's motion.[2] *See Coregis Ins. Co. v. McCollum*, 961 F. Supp. 1572, 1577 (M.D. Fla. 1997) (motion for summary judgment not premature where

---

[1] Tellingly, the court in *Cole* specifically acknowledged that ordinarily "Fed. R. Civ. P. 56(a) permits a plaintiff to move for summary judgment at any time after 20 days have passed since the plaintiff commenced the action." *Id.* (referencing pre-2010 version of Fed. R. Civ. P. 56).

[2] Defendant also cites *Cusamano v. Alexander*, 691 F. Supp. 2d 312, 321 (N.D.N.Y. 2009), but that case is equally distinguishable as the court in that action denied a parolee's cross-motion for summary judgment on claims related to violations of his constitutional rights prior to the 2010 amendment to Fed. R. Civ. P. 56 and without any discussion of the time restrictions thereunder.

3

defendants "had ample time to conduct discovery in order to gather evidence to rebut Plaintiff's motion").

Turning to the FSIA, the Republic claims that the freedom granted under Fed. R. Civ. P. 56(b) to file a motion for summary judgment at any time should not be extend to actions against foreign sovereigns. (Opp. Br. at 14-15). Yet, the Republic fails to cite to any language either in Fed. R. Civ. P. 56 or the FSIA that supports such an exception nor does the Republic explain why the rules should be different because the defendant is a sovereign nation. *Id.* In addition, the fact that Section 1608 of the FSIA grants foreign states 60 days to answer a complaint does not in any way modify the procedural devices available to a plaintiff under Fed. R. Civ. P. 56. *See Holtzman v. Richardson*, 361 F. Supp. 544, 548 (E.D.N.Y. 1973), *judgment rev'd on other grounds*, 484 F.2d 1307 (2d Cir. 1973) (finding that there was no reason to deny a motion for summary judgment *against the United States* despite the fact that the 60-day window for the federal government to file an answer had not expired); *Citizens For Clean Air, Inc. v. Corps of Engineers, U.S. Army*, 349 F. Supp. 696, 698 (S.D.N.Y. 1972) (same).

The one case the Republic relies upon in support of its FSIA argument is irrelevant to these proceedings. (Opp. Br. at 15). In *Silver Star Enters., Inc. v. M/V SARAMACCA*, No. Civ. A. 92-1297, 92-2802, 92-3077, 1992 WL 348420, at *1 (E.D. La. Nov. 18, 1992), *aff'd sub nom., Silver Star Enters., Inc. v. Suriname*, 55 F.3d 633 (5th Cir. 1995), plaintiff moved for summary judgment on claims related to unpaid services rendered to a ship that was an instrumentality of a foreign state. The court denied Plaintiff's motion because it feared that the lack of participation by the foreign state would lead to the type of *de facto* default judgment prohibited under Section 1608(e) of the FSIA. *Id.* at *1-2. Yet, Section 1608(e) merely states that a judgment may not be entered against a foreign state, "unless the claimant establishes his

claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608. Here, Honero has produced ample evidence in support of its claims and the Republic has failed to explain how it would at all be prejudiced by Honero's "premature" motion for summary judgment, especially given the fact that the Republic has responded to 37 other "me too" actions and has had more than sufficient opportunity to respond to the grounds for Honero's motion for partial summary judgment. *See Stein*, 348 F.2d at 1001 (denying claims that motion for summary judgment was premature in part because "there [was] nothing whatsoever to indicate that any party was at all prejudiced").

In reality, the Republic is merely seeking to delay adjudication of Honero's claims at the expense of judicial economy. The Republic should not be permitted to succeed.

## II. HONERO IS ENTITLED TO SUMMARY JUDGMENT

In further support of its motion for partial summary judgment and in response to Section III of Defendant's opposition brief (pp. 16-25), Honero, which is a non-judgment creditor, joins in Section I of the Reply Memorandum Of Law In Further Support Of The Motion By NML Capital, Ltd. For Partial Summary Judgment, dated April 7, 2015 ("Reply Memorandum of Law"), and all declarations submitted in support of the motion, to be filed in *NML Capital, Ltd. v. Republic of Argentina,* 14 Civ. 8601 (TPG), since the movants therein also bought bonds issued pursuant to the 1994 FAA, and there is no need to inundate the Court with multiple memoranda of law making the same arguments.[3] Plaintiff does not join in Section II of the Reply Memorandum of Law because that section is inapplicable to non-judgment creditors such

---

[3] Section II of Defendant's opposition brief (Opp. Br. at 16) only concerns Plaintiff Trinity Investments Limited's motion for partial summary judgment in *Trinity Investments Limited v. Republic of Argentina*, 15 Civ. 1588, and thus is not relevant to Honero's summary judgment motion.

5

as Honero. Plaintiff also does not join in Section III of the Reply Memorandum of Law since the Republic has not challenged Plaintiff's proof of bond ownership.

## CONCLUSION

Based on the forgoing, the Court should grant Plaintiff's motion for partial summary judgment as to the Republic's violations of the Pari Passu Clause. The remedy for the Republic's violations should be determined in subsequent proceedings.

Dated: New York, New York
April 7, 2015

**DUANE MORRIS LLP**

By: _____
Anthony J. Costantini
E-mail: ajcostantini@duanemorris.com
Suzan Jo
E-mail: sjo@duanemorris.com
Kevin P. Potere
Email: kppotere@duanemorris.com
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Fax: +1 212 692 1020

Attorneys for Plaintiff